22-6375
Singh v. Garland

BIA
Poczter, IJ
A201 106 039

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4ᵗʰ day of November, two thousand twenty-four.

PRESENT:
            JOSÉ A. CABRANES,
            DENNY CHIN,
            MICHAEL H. PARK,
                        *Circuit Judges.*
_____

GURPREET SINGH,
            *Petitioner,*

            v.                                                      **22-6375**
                                                                    **NAC**
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
            *Respondent.*
_____

FOR PETITIONER:           Khagendra Gharti-Chhetry, Esq., New York, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Jessica A. Dawgert, Senior Litigation Counsel; Alanna Thanh Duong, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gurpreet Singh, a native and citizen of India, seeks review of a June 24, 2022, decision of the BIA affirming a May 31, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gurpreet Singh*, No. A201 106 039 (B.I.A. Jun. 24, 2022), *aff'g* No. A201 106 039 (Immig. Ct. N.Y. City May 31, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's decision as supplemented by BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review an adverse credibility determination "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact

2

are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Singh, a Sikh, alleged that a neighbor affiliated with the Congress Party seized his father's land, that the police arrested and beat his father and him, and the members of the Hindu community harassed his family and forced him to cut his hair in violation of his Sikh faith.

As an initial matter, we consider Singh's challenges to the IJ's findings

3

sufficiently exhausted because the BIA addressed specific findings on appeal. *See Ud Din v. Garland*, 72 F.4th 411, 420 (2d Cir. 2023) (There is "[a]n exception" to the issue exhaustion requirement "where the BIA nonetheless addressed an issue not raised on appeal"); *see also Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("A petitioner may still raise an issue on appeal if it is either a specific, subsidiary legal argument' or an extension of an argument raised directly before the BIA." (quotations omitted)). However, substantial evidence supports the agency's adverse credibility determination.

The agency reasonably relied on Singh's omission of material information from his written statements. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). We have cautioned that "in general omissions are less probative of credibility than inconsistencies created by direct contradictions in evidence and testimony." *Hong Fei Gao*, 891 F.3d at 78 (quotation marks omitted). But "the probative value of a witness's prior silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose." *Id*. Singh attached a two-page narrative that described less relevant details, such as harassment and threats, and he omitted an assault and resulting hospitalization that was the most direct and serious incident of his own persecution. *See Singh v. Garland*, 6 F.4th

4

418, 431 (2d Cir. 2021) ("The more serious the inconsistency – *i.e.*, the greater the importance of the fact upon which inconsistency is found for the success of the petition and the more likely it is that a truthful account would not have included the inconsistency – the more substantial that evidence is in casting doubt on the petitioner's credibility."). Further, because Singh testified that he was singled out for persecution based on political opinion, the agency reasonably determined that the neighbor's political affiliation was a fact "that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances." *Hong Fei Gao*, 891 F.3d at 78–79.

Singh did not compellingly explain these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)). Singh never corrected mistakes or amended his written statement to add that the police beat him at least once resulting in a hospitalization. Moreover, his age and limited education do not explain why he would omit the most severe harm he personally experienced. *Id.*

The agency also reasonably relied on inconsistencies and omissions in

supporting affidavits. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). We have cautioned against giving undue weight to an applicant's failure to explain omissions from a third-party statement where those omissions do not create an inconsistency with the applicant's account. *Hong Fei Gao*, 891 F.3d at 81. But here, Singh's mother and a village official submitted statements contradicting Singh's testimony about his alleged arrest and the police beatings. Singh testified that the police beat him once, one week after the land dispute. However, Singh's mother and the village official stated that the police arrested and beat Singh twice, once after reporting the land dispute and again one week later. Moreover, in contrast to Singh's testimony, his mother did not mention the neighbor's political affiliation, that Singh spent five days in the hospital, or that villagers forced Singh to cut his hair. While these omissions may warrant less weight than direct inconsistencies, they provide further support for the adverse credibility determination under the totality of the circumstances. *See Xiu Xia Lin*, 534 F.3d at 167 (holding that "an IJ may rely on *any* inconsistency . . . in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." (quoting 8 U.S.C. § 1158(b)(1)(B)(iii))).

Having questioned Singh's credibility, the agency reasonably relied further

on his failure to rehabilitate his testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). A medical record reflecting a five-day hospitalization does not explain why Singh omitted the hospitalization, and the beating that led to it, from his application, or why his mother's affidavit does not mention it. *See Majidi*, 430 F.3d at 80; *see also Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Decisions as to which of competing inferences to draw are entirely within the province of the [IJ]." (quotation marks and ellipses omitted)).

The above inconsistencies, omissions, and lack of corroboration constitute substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao*, 968 F.3d at 145 n.8; *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of

7

relief."). While Singh asserts that he presented independent objective evidence, he relies on his own testimony to establish past persecution and does not cite any independent evidence. *See* Petitioner's Brief at 32–41.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court